IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLAINT OF: ) <br> ) <br> GATEWAY CLIPPER, INC., as Owner of ) <br> the M/V Party Liner and Passenger Barge ) <br> Gateway Party Liner, ) <br> For Exoneration or Limitation of Liability ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:05-cv-00984-JFC <br><br><br> In Admiralty |

## ORDER

<u>September</u>  <u>  12  </u>, 2005. It is ordered that the Motion for Approval of Ad Interim Stipulation for Value and Letters of Undertaking and For an Order Directing Issuance of the Required Notice and for Issuance of an Injunction filed by Gateway Clipper, Inc. is granted.

This Court finds that Gateway Clipper, Inc. has filed appropriate Verifications attesting to the value of its interest in the vessels the M/V Party Liner and the Passenger Barge Gateway Party Liner, together with pending freight at the time of the incident on September 4, 2004, and an appropriate Ad Interim Stipulation for Value and Costs and Letters of Undertaking, in accordance with established practice under 46 U.S.C. Appx. §§181-196, known as the Vessel Owners Limitation of Liability Act and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Accordingly, it is ORDERED that the Ad Interim Stipulation for Value and Costs and the Letters of Undertaking filed by Gateway Clipper, Inc. in the collective amount of $2,000,000.00 (Two Million Dollars and No Cents), together with interest at the rate of six (6) percent per annum, and security for costs of court in the amount of $250.00 (Two Hundred and Fifty Dollars and No Cents) is accepted as to quantum, form and surety.

It is further ORDERED that the above-described Ad Interim Stipulation for Value and Costs be accepted as an Ad Interim Stipulation for the purpose of this Limitation of Liability Act proceeding and that such is approved as to form, quantum and surety.

It is further ORDERED, in accordance with Rules F(4) and F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, that Notice shall issue out of and under the seal of this Court to all persons, companies, and other entities asserting claims with respect to which Gateway Clipper, Inc.'s Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims, in writing, with the Clerk of Court and to also serve a copy on attorneys for Gateway Clipper, Inc. on or before the __19th__ day of __September__, 2005, and requiring any claimant who wishes to contest either the right to exoneration from liability or the right to limitation of liability to file and serve on Gateway Clipper, Inc.'s counsel an answer to the Complaint, unless the claim has included an answer, on or before, the __28th__ day of __October__, 2005, or be forever barred and defaulted.

It is further ORDERED that counsel for Plaintiffs shall cause the above-described Notice to be published in the *Pittsburgh Post-Gazette*, a newspaper of general circulation in the city of Pittsburgh, Pennsylvania, once each week for four (4) consecutive weeks prior to the date fixed for filing of claims, as set forth in said Notice.

It is further ORDERED that, not later than the day of second publication of the above-described Notice, Gateway Clipper, Inc.'s counsel shall serve the above-described Notice and a copy of this Order by certified mail, return receipt requested, postage prepaid, upon any persons or parties who have asserted a claim against Gateway Clipper, Inc. arising out of the events described in Gateway Clipper, Inc.'s Complaint.

It is further ORDERED that the commencement or prosecution of any and all suits, actions, and legal proceedings of any nature against Plaintiffs and their affiliates, owners, shareholders, officers, employees, and property, including their vessels (including, but not limited to the M/V Party Liner or Passenger Barge Gateway Party Liner), and against their insurers and underwriters, with regard to any and all claims and causes of action which arise from or relate to, directly or indirectly, the matter addressed in Gateway Clipper, Inc.'s Complaint are hereby ENJOINED AND RESTRAINED, pending the hearing and determination of this proceeding.

_____
United States District Court Judge