IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLAINT OF:               )<br>GATEWAY CLIPPER, INC., as Owner of the   )<br>M/V Party Liner and Passenger Barge Gateway  )<br>Party Liner,                  )<br>For Exoneration or Limitation of Liability,      )<br>                          )<br>          Plaintiff        )<br>                          ) Civil Action No.  05-984<br>      vs.                    )<br>                          )<br>RETHA M. HILL, Individually and as       )<br>Administratix of the Estate of Howard C. Hill, Jr.,  )<br>                          )<br>          Claimant.           )| |

# ORDER

AND NOW, this 11th day of September, 2007, after the plaintiff filed a complaint for exoneration or limitation of liability in the above-captioned case, and after the claimant submitted a claim for personal injuries against the plaintiff, and after the plaintiff moved for partial summary judgment on its right to limit its liability in accordance with the Limitation of Liability Act and to dismiss the claimant's request for damages of lost future wages, and after a Report and Recommendation (the "R&R") was issued by the United States Magistrate Judge, and the parties were granted thirteen (13) days after being served with a copy to file written objections thereto.  The plaintiff filed objections to the R&R and the claimant responded to those objections.  The objections, in essence, assert the same arguments raised by the plaintiff in its motion for summary judgment and addressed in the R&R.

Plaintiff argues, *inter alia*, that the Magistrate Judge failed to address the "central" issue

raised in plaintiff's motion for partial summary judgment: whether plaintiff owed a duty of care to diagnose and treat a sick passenger (Document No. 65 ¶1).  According to plaintiff, it was not negligent as a matter of law because it owed no such duty (Document No. 49 at 7-8).  Plaintiff's articulation of the issue misses the mark.  As addressed in the R&R, the issue regarding plaintiff's alleged maritime negligence is not whether plaintiff owed a duty of care to diagnose and treat a sick passenger; the issue is whether plaintiff breached its duty to exercise reasonable care.  Indeed, plaintiff admits in both its memorandum in support of its objections (Document No. 66 at 3-4) and its memorandum in support of its motion for partial summary judgment (Document No. 49 at 4-6) that plaintiff owed a duty to provide care and attention that was reasonable and practicable under the circumstances.  *See Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1371 (5th Cir. 1988) ("although a carrier has no duty to furnish a doctor for its passengers' use, it does owe its sick and injured passengers a duty to exercise 'reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances'"); *Nietes v. Amercian President Lines, Ltd.*, 188 F. Supp. 219, 221 (D. Cal. 1959) ("the carrier is under a duty to provide such care and attention as is reasonable and practicable under the circumstances"); *see also* Restatement (Second) of Torts § 314A.  To that end, the R&R discusses at length the facts of record which show that, at the very least, genuine issues of material fact exist regarding whether plaintiff exercised reasonable care in this case.

      After independent review of the pleadings, and the Magistrate Judge's R&R as well as the objections and response thereto, the R&R, as supplemented by this Order, is adopted as the Opinion of the Court.

      IT IS ORDERED that the plaintiff's motion for partial summary judgment on its right to

limit its liability in accordance with the Limitation of Liability Act and to dismiss claimant's request for damages of lost future wages (Document No. 48) is denied.

/s/ Joy Flowers Conti
United States District Judge

cc: All Counsel of Record

Honorable Robert C. Mitchell
United States Magistrate Judge